UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                                File No.  1:07-CV-42

v.

                                                HON. WENDELL A. MILES

DONALD A. GRAY,

       Defendant.
                                            /

## MEMORANDUM OPINION AND ORDER
## REGARDING THE ENTRY OF DEFAULT

      This matter is before the Court on Defendant Donald A. Gray's motion to set aside the entry of default.  Mr. Gray is proceeding pro se.  A default was entered against Mr. Gray on March 8, 2007.  On March 14, 2007, the Court held a hearing on Plaintiff United States of America's motion for a preliminary injunction.  At the hearing Mr. Gray moved to have the entry of default set aside.

      The Court may set aside an entry of default for "good cause shown."  FED. R. CIV. P. 55(c).  The Court "'enjoys considerable latitude under the "good cause shown" standard of Rule 55(c) to grant a defendant relief from a default entry.'"  *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003) (quoting *United States v. Real Property & All Furnishings Known as Bridwell's Grocery & Video*, 195 F.3d 819, 820 (6th Cir. 1999)). "The criteria used to determine whether 'good cause' has been shown for purposes of granting

a motion under Rule 55(c) are whether '(1) the default was willful, (2) set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious.'" *O.J. Distrib., Inc.*, 340 F.3d at 353 (quoting *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983)).

The complaint was filed on January 16, 2007. The complaint and summons were served on Mr. Gray on February 15, 2007. Mr. Gray's response was due on March 7, 2007. On March 8, 2007, the United States moved for an entry of default and default was entered that same day. On March 9, 2007, Mr. Gray filed a motion to dismiss. At the hearing Mr. Gray indicated that he mailed the motion to dismiss on March 7, 2007. Mr. Gray also indicated that it was his understanding that placing the motion in the mail by March 7, 2007, would be sufficient. Mr. Gray's default was not willful based on when Mr. Gray mailed the motion to dismiss and his understanding of when he had to mail his response.

At the hearing, the United States did not contend that setting aside the entry of default would be prejudicial. Also, the length of the delay, two days, makes any prejudice to the United States unlikely. The Court finds that setting aside the entry of default will not prejudice the United States.

Mr. Gray has met two of the three factors, which is sufficient to demonstrate the good cause necessary to set aside the entry of default. *See O.J. Distrib., Inc.*, 340 F.3d at 353 ("[A] district court abuses its discretion in denying a motion to set aside an entry of default when

two of the three factors have been demonstrated by the defendant . . . ."). For the foregoing reasons, the Court grants Mr. Gray's motion to set aside the entry of default. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Donald A. Gray's oral motion to set aside the entry of default is **GRANTED.**

**IT IS FURTHER ORDERED** that the default entered on March 8, 2007, (Docket #10) is **SET ASIDE**.


Date:    March 15, 2007           /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  CHIEF UNITED STATES DISTRICT JUDGE
                                  FOR SENIOR JUDGE WENDELL A. MILES