UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                          File No.  1:07-CV-42

v.

                                          HON. WENDELL A. MILES

DONALD A. GRAY,

        Defendant.
                                   /

**MEMORANDUM OPINION AND ORDER**
**REGARDING THE MOTION TO DISMISS**

      This matter is before the Court on Defendant Donald A. Gray's motion to dismiss (Docket #11). Mr. Gray is proceeding pro se. Plaintiff United States of America alleges that Mr. Gray fraudulently prepares federal income tax returns and is seeking a preliminary injunction against Mr. Gray providing any type of tax preparation service or assistance. Mr. Gray moves for dismissal contending that the Court lacks subject-matter jurisdiction and that the United States has failed to state a claim. The Court has set aside the default that was entered against Mr. Gray, so Mr. Gray's motion to dismiss is now before the Court.

**I.**

      The United States alleges that Mr. Gray has been fraudulently preparing federal income tax returns since 2004. The United States alleges that Mr. Gray falsely reports that his customers received no income. Mr. Gray allegedly accomplishes this by filing IRS Forms

4852 and 1099-MISC. The United States alleges that Mr. Gray then reports no income on these forms. Mr. Gray then allegedly seeks a refund for the sum of the federal income, Social Security and Medicare taxes.

## II.

### A. Rule 12(b)(1) - Lack of Subject-Matter Jurisdiction

Mr. Gray moves pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss for lack of subject-matter jurisdiction. Mr. Gray argues that the Court lacks subject-matter jurisdiction because the United States of America lacks standing and the Court's subject-matter jurisdiction is limited to activity occurring on federally owned land.

#### 1. The United States of America's Standing

Mr. Gray contends that the "United States of America" does not have Article III standing because Article III, Section 2, of the Constitution uses the term "United States" instead of "United States of America." Mr. Gray is correct that Article III only uses the term "United States." However, Mr. Gray does not explain why the use of "United States" provides a basis for distinction. Moreover, the Constitution uses both terms and no discernible distinction is made between the terms in the text. U.S. CONST., pmbl., art. II, § 1, & art. VII (using "United States of America"). The argument that the "United States" is distinct from the "United States of America" is legally frivolous and without merit. *United States v. Dawes*, 161 Fed. App'x. 742, 746 (10th Cir. 2005) (unpublished). The United States of America has standing to bring this lawsuit.

### 2. Subject-Matter Jurisdiction Outside of Federally Owned Land

Mr. Gray next contends that the Court's subject-matter jurisdiction is limited to federally owned land. The Court's subject-matter jurisdiction includes cases arising under the laws of the United States. U.S. CONST. art. III, § 2, cl. 1; 28 U.S.C. § 1340 ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue . . . ."). The United States brought this action under two sections of the Internal Revenue Code ("I.R.C."), 26 U.S.C. §§ 7407 and 7408. Thus, the Court has subject-matter jurisdiction. The Court's subject-matter jurisdiction also includes cases to "which the United States shall be a Party . . . ." U.S. CONST. art. III, § 2, cl. 1; *accord* 28 U.S.C. § 1345 ("[T]he district courts shall have jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress."). This action was commenced by the United States, thus the Court has subject-matter jurisdiction on that basis.

### B. Rule 12(b)(6) - Failure to State a Claim

Mr. Gray next moves to dismiss pursuant to Rule 12(b)(6), contending that the United States has not stated a claim upon which relief can be granted. An action may be dismissed pursuant to Rule 12(b)(6) if the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *In re DeLorean Motor Co.*,

991 F.2d 1236, 1240 (6th Cir. 1993).  When considering a motion to dismiss, all well-pleaded allegations in the complaint are treated as true. *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 562 (6th Cir. 2003).  Dismissal of the complaint is proper only if it appears beyond doubt that the plaintiff can prove no set of facts in support of its claims that would entitle it to relief.  *Id.*;  *Goad v. Mitchell*, 297 F.3d 497, 500 (6th Cir. 2002).

Mr. Gray contends that the United States incorrectly alleges that he is not a Certified Public Accountant ("C.P.A.") and that he does not have a Masters of Business Administration ("M.B.A.").  These factual challenges are misplaced as all well-pleaded allegations are treated as true for the purpose of a Rule 12(b)(6) motion.  *Yuhasz*, 341 F.3d at 562.  Therefore, neither of these contentions provide a basis for relief under Rule 12(b)(6).

Mr. Gray next contends that the United States failed to identify what aspect of his method of tax preparation is fraudulent.  Contrary to Mr. Gray's contention, the complaint identifies two aspects of his method of tax preparation as fraudulent: (i) that he substantially under reports his customers' income and (ii) that he reports Social Security and Medicare taxes as federal income tax. (Compl., Docket #1, at ¶¶ 8-15.) The complaint does identify what aspects of Mr. Gray's method of tax preparation are allegedly fraudulent.

Mr. Gray further contends the United States' explanation of the alleged fraud is inadequate because the "word 'income' is not defined in the IRC." (Gray's Mot. to Dismiss, Docket #11, at ¶ 65.) Mr. Gray also contends that wages are not "income." (*Id.* at ¶¶ 80, 81 & 88.) The contentions that the I.R.C. does not define "income" and that wages are not

4

taxable have been uniformly rejected. *E.g., Perkins v. Comm'r*, 746 F.2d 1187, 1188 (6th Cir. 1984) (per curiam) (referring to such assertions as "totally without merit").

Lastly, Mr. Gray contends that Title 26 of the United States Code, the I.R.C., has "never been enacted by Congress, and is therefore only dispositive law and rebuttable." (Gray's Mot. to Dismiss ¶ 27.) The argument that the I.R.C. is unenforceable because it has not been enacted into "positive law" is "'frivolous,' 'baseless,' 'specious,' and 'preposterous.'" *United States v. Maczka*, 957 F. Supp. 988, 991 (W.D. Mich. 1996) (collecting cases); *accord Hackett v. Comm'r*, No 85-1558, 1986 U.S. App. LEXIS 25779, at *4 (6th Cir. Apr. 21, 1986) (unpublished).

The complaint states a claim upon which relief could be granted as it contains direct allegations respecting all the material elements necessary to sustain a recovery under a viable legal theory.

### III.

The Court has subject-matter jurisdiction over this case, thus Mr. Gray's Rule 12(b)(1) motion is denied. The complaint states a claim upon which relief could be granted, thus Mr. Gray's Rule 12(b)(6) motion is denied. For the foregoing reasons, the Court denies Mr. Gray's motion to dismiss. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Donald A. Gray's motion to dismiss (Docket #11) is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 12(a)(4)(A) Defendant Gray has ten (10) days from the date he receives a copy of this order to file an answer to the complaint.


Date:     March 15, 2007              /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      CHIEF UNITED STATES DISTRICT JUDGE
                                      FOR SENIOR JUDGE WENDELL A. MILES