UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DONALD A. GRAY,

    Defendant.
                                   /

File No. 1:07-CV-42

HON. WENDELL A. MILES

## **O P I N I O N**

This matter is before the Court on Plaintiff United States of America's motion for a temporary restraining order/preliminary injunction (Docket #3) against Defendant Donald A. Gray. Mr. Gray is proceeding pro se. The complaint alleges that Mr. Gray fraudulently prepares federal income tax returns. On March 15, 2007, the Court set aside the default that had been entered against Mr. Gray and denied Mr. Gray's motion to dismiss. The United States seeks a preliminary injunction against Mr. Gray barring him from "preparing income tax returns for others and from otherwise interfering with the administration of the internal revenue laws . . . ." (United States' Mot. for TRO, Docket #3, at 10.) The government seeks the injunction pursuant to Internal Revenue Code ("I.R.C.") §§ 7407 and 7408. The Court held a hearing on the United States' motion on March 14, 2007. The hearing was held pursuant to W.D. Mich. LCivR 7.1(f). For the reasons that follow, the Court grants the United States' motion for a preliminary injunction.

**I.**

Mr. Gray resides in Portage, MI. The United States alleges that Mr. Gray has been fraudulently preparing federal income tax returns since 2004. At the hearing Mr. Gray admitted that he prepares two types of tax returns. Mr. Gray stated that he prepares conventional federal income tax returns and he prepares federal income tax returns based on the book *Cracking the Code: The Fascinating Truth about Taxation in America* by Peter Eric Hendrickson. Mr. Gray referred to tax returns based on Mr. Hendrickson's book as either "cracking the code returns" or "zero-based returns." The premise of a "cracking the code return," as acknowledge by Mr. Gray at the hearing, is that "income" is not defined in the I.R.C. and wages earned by non-federal employees are not subject to the federal income tax.

At the hearing, Mr. Gray provided the returns of Gary E. Redditt and William and Karen Czerkies, which he had prepared as "cracking the code returns." The two income tax returns Mr. Gray provided at the hearing are consistent with THE United States' description of how Mr. Gray prepares tax returns. Mr. Gray stated that on "cracking the code returns" he prepares the return to indicate that his customers received no income, unless his customers received income from the federal government. Mr. Gray accomplishes this by filing I.R.S. Forms 4852 and 1099-MISC. On Forms 4852 and 1099-MISC Mr. Gray reports that his customer did not have any income. (Henline Decl., Docket #5, at ¶ 9.) On Forms 4852 and 1099-MISC Mr. Gray also reports the sum of the amount that was withheld for federal income, Social Security and Medicare taxes, as if the entire amount was withheld for federal income tax. (*Id.* at ¶ 8.) Mr. Gray then attaches the Forms 4852 and 1099-MISC which he

has prepared in place of the W-2 or 1099 forms his customers received from their employers. (*Id.*) Thus, a "cracking the code return" prepared by Mr. Gray represents that Mr. Gray's customer did not have any income and that the customer is entitled to a refund equal to the sum of the amount withheld for federal income, Social Security and Medicare taxes. Mr. Gray did not dispute that this was the methodology he employed in preparing "cracking the code returns."

## II.

The United States seeks an injunction pursuant to I.R.C. §§ 7407 and 7408. Section 7407 of the I.R.C. provides:

> (b) [I]f the court finds--
> (1) that an income tax return preparer has--
> > (A) engaged in any conduct subject to penalty under section 6694 or 6695, or subject to any criminal penalty provided by this title,
> > (B) misrepresented his eligibility to practice before the Internal Revenue Service, or otherwise misrepresented his experience or education as an income tax return preparer,
> > (C) guaranteed the payment of any tax refund or the allowance of any tax credit, or
> > (D) engaged in any other fraudulent or deceptive conduct which substantially interferes with the proper administration of the Internal Revenue laws, and
> > (2) that injunctive relief is appropriate to prevent the recurrence of such conduct,
> the court may enjoin such person from further engaging in such conduct. If the court finds that an income tax return preparer has continually or repeatedly engaged in any conduct described in subparagraphs (A) through (D) of this subsection and that an injunction prohibiting such conduct would not be sufficient to prevent such person's interference with the proper administration of this title, the court may enjoin such person from acting as an income tax return preparer.

3

I.R.C. § 7407(b). The traditional requirements for equitable relief need not be satisfied for the issuance of an injunction pursuant to § 7407, because § 7407 expressly authorizes the issuance of an injunction. *See United States v. Gleason*, 432 F.3d 678, 682 (6th Cir. 2005) (holding that an injunction pursuant to I.R.C. § 7408 can be issued without satisfying the traditional requirements for equitable relief, because § 7408 expressly authorizes the issuance of injunctions); *CSX Transp., Inc. v. Tenn. State Bd. of Equalization*, 964 F.2d 548, 551 (6th Cir. 1992) (stating that the traditional principles of equity are inapplicable when Congress expressly authorizes injunctive relief).

### A. Conduct Identified by I.R.C. § 7407(b)

In order to issue an injunction the Court must find that Mr. Gray has engaged in one or more of the acts set forth by I.R.C. § 7404(b)(1). The United States contends that Mr. Gray has engaged in the conduct identified by § 7407(b)(1)(A) by violating I.R.C. §§ 6694 and 6695. The United States also contends that Mr. Gray has engaged in the conduct identified by § 7407(b)(1)(B) by misrepresenting his education and experience.

#### 1. Conduct Punishable Under I.R.C. § 6694

Section 6694(a) of the I.R.C. imposes penalties on income tax return preparers who understate a taxpayer's liability based on an unrealistic position. I.R.C. § 6694(a). To be punishable under § 6694(a) the income tax preparer must assert a position that: (i) does not have a realistic possibility of being sustained on the merits, (ii) the preparer knew or should have known of such a position, and (iii) the position was not disclosed as required by § 6662 or was frivolous. *Id.*

4

Mr. Gray has asserted that: (i) that his customers had no income and (ii) that his customers' wages are not taxable income. The position that his customers had no income or that his customers' wages were not taxable are variations of the argument that the I.R.C. does not define "income" and that wages are not "income." Both of these arguments have been clearly rejected by the courts. *E.g., Perkins v. Comm'r*, 746 F.2d, 1187, 1188 (6th Cir. 1984) (referring to such arguments about "income" as being "totally without merit"). The Court finds that Mr. Gray was asserting a position that did not have a realistic possibility of being sustained on the merits.

At the hearing, Mr. Gray acknowledged that he was aware that these "income" based arguments have been rejected by the I.R.S. Mr. Gray also acknowledged that he was aware of his customers receiving letters from the I.R.S. rejecting "cracking the code returns" as frivolous. The Court finds that Mr. Gray knew or at least should have known that his position is unrealistic.

As to the requirement that the position asserted by Mr. Gray be frivolous, courts have consistently found these "income" type arguments to be frivolous. *E.g.*, *Perkins*, 746 F.2d at 1188 (imposing sanctions on appellant for "patently frivolous" appeal as to the definition of "income"); *Sawukaytis v. Comm'r*, 102 Fed. App'x. 29, 34 (6th Cir. 2004) (unpublished) (finding "wages are not income" type arguments to be frivolous and upholding the imposition of sanctions pursuant to I.R.C. § 6673). The Court finds the "income" based position asserted by Mr. Gray to be frivolous.

The Court has found the three elements necessary for an income tax preparer to be subject to penalties under I.R.C. § 6694(a). Thus, the Court specifically finds that by preparing "crack the code returns" Mr. Gray is subject to penalties under I.R.C. § 6694(a). The Court having found that Mr. Gray engaged in conduct punishable under I.R.C. § 6694(a), the Court need not reach the question of whether Mr. Gray engaged in conduct punishable under I.R.C. §§ 6694(b) or 6695.

### 2. Misrepresentations as to Experience or Education

Section 7407(b)(1)(B) permits the United States to obtain an injunction against an income tax preparer who misrepresents his education or experience. The United States alleges that Mr. Gray falsely represents that he is a Certified Public Accountant ("C.P.A."). On Peter Hendrickson's website, losthorizons.com, Mr. Gray is identified as a C.P.A. (Henline Decl., Ex. 1.) The United States provides a report from the Michigan Secretary of State which indicates that Mr. Gray's license as a C.P.A. is "null & void." (Henline Decl., Ex. 3.) At the hearing, Mr. Gray acknowledged that he is no longer licensed as a C.P.A. by the State of Michigan and that he no longer indicates that he is a C.P.A. when he signs tax returns he has prepared. While acknowledging that he is no longer licensed by the State of Michigan, Mr. Gray referenced being a "C.P.A." based on membership in a professional organization. Thus Mr. Gray continues to hold himself out to the public as a C.P.A., even if he has ceased to indicate that he is a C.P.A. when he signs a tax return as a preparer. Therefore the Court finds that Mr. Gray has misrepresented his education and experience as an income tax return preparer.

## B. Appropriateness of Injunctive Relief

The Court has made two findings under § 7407(b)(1), so the Court must consider whether "injunctive relief is appropriate to prevent the recurrence of such conduct . . . ." I.R.C. § 7407(b)(2). Mr. Gray has persisted in his conduct despite receiving numerous letters from the I.R.S. In an October 24, 2006, letter to the I.R.S. Mr. Gray stated that:

> It has only been within the last year that I began preparing original and/or amended returns using a methodology that the IRS considers frivolous or abusive.

(Oct. 24, 2006 Letter to James Barar, Henline Decl., Ex. 5.) Mr. Gray has persisted in his conduct despite being aware that he is asserting a position considered frivolous. At the hearing, Mr. Gray also acknowledged that he is aware that the position he asserts is contrary to the interpretation and understanding of the tax code that has been generally accepted for over 90 years. Mr. Gray's persistence in spite of all of this makes injunctive relief necessary to prevent recurrence.

The Court must next consider the breadth of the injunctive relief to be granted. The United States seeks an injunction against Mr. Gray preparing any income tax returns. Section 7407(b) permits the Court to enjoin a person from acting as an income tax preparer "[i]f the court finds that an income tax return preparer has continually or repeatedly engaged in any conduct described in subparagraphs (A) through (D) of this subsection and that an injunction prohibiting such conduct would not be sufficient to prevent such person's interference with the proper administration of this title . . . ." I.R.C. §7407(b). The Court has

7

found that Mr. Gray has repeatedly violated subparagraphs (A) and (B), as explained above. *See supra* Part I.A.

The United States argues that a general injunction against income tax return preparation by Mr. Gray is necessary because he has employed a variety of fraudulent schemes, thus prohibiting a single type of improper return preparation would be insufficient. Mr. Gray seeks to have the Court limit the injunction to preparing "cracking the code returns." Mr. Gray's only basis for the narrow injunction was the hardship that would be imposed by the broader injunction. Mr. Gray's persistence in asserting the legitimacy of preparing "cracking the code returns" based on an argument that has been repeatedly rejected as frivolous by the Sixth Circuit and other courts indicates that a narrower injunction would not be sufficient to prevent Mr. Gray's interference with the administration of the I.R.C.

This conclusion is bolstered by the manner in which Mr. Gray discussed the preparation of tax returns during the hearing. At various times Mr. Gray appeared to represent the view that if he filled out the information on a tax return but did not sign the return as a preparer, then he did not prepare the return. These statements further support the Court's conclusion that a narrower injunction would not be sufficient to prevent Mr. Gray from preparing returns similar to the "cracking the code returns" or otherwise interfering with the administration of the I.R.C.

Lastly, Mr. Gray's statements about whether he is a C.P.A. bolster the Court's conclusion that a broader injunction is necessary. Mr. Gray acknowledged that he was not a C.P.A. licensed by the State of Michigan. After making that acknowledgment, Mr. Gray

at times made statements suggesting that he is still a C.P.A. When the Court sought clarification, Mr. Gray would indicate that he is in a "registered" status with the State of Michigan or that he is licensed through a professional organization. These efforts by Mr. Gray to minimize or circumvent the fact that he is not licensed as a C.P.A. by the State of Michigan underscore the inadequacy of a narrower injunction. As the Court noted earlier, Mr. Gray appears to continue to hold himself out to the public as a C.P.A. *See supra* Part I.A.2. In consideration of Mr. Gray's approach to whether he is a C.P.A., the Court finds that a narrower injunction would not be sufficient.

The Court finds that if a narrower injunction were issued Mr. Gray would continue to counsel taxpayers and prepare tax returns so as to facilitate the preparation of "cracking the code returns," unrealistic returns and frivolous returns. Therefore a narrower injunction limited to Mr. Gray's conduct identified in relation to § 7407(b)(1)(A-B) would not be sufficient to prevent Mr. Gray from interfering with the administration of the I.R.C.

## III.

For the foregoing reasons, the Court grants the United States' motion for a preliminary injunction. Pursuant to the Court's authority under I.R.C. § 7407, Donald A. Gray is enjoined from preparing income tax returns for others, from counseling others as to the preparation of their income tax returns and from otherwise interfering with the administration of the internal revenue laws. An order will be entered consistent with this opinion.


Date:   March 19, 2007            /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  CHIEF UNITED STATES DISTRICT JUDGE
                                  FOR SENIOR JUDGE WENDELL A. MILES